UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT JACKSON,<br>      Plaintiff, | Case No. 1:14-cv-646 |
| | Barrett, J. |
| vs | Bowman, M.J. |
| DIRK PRISE, et al.,<br>      Defendants. | **REPORT AND RECOMMENDATION** |

The instant prisoner civil rights action commenced on August 13, 2014 when the plaintiff, an inmate at the Southern Ohio Correctional Facility, filed a motion for leave to proceed *in forma pauperis*. (*See* Doc. 1). On August 20, 2014, the undersigned issued a Deficiency Order because plaintiff had not submitted a signed complaint and had not provided the Court with a certified copy of his prison trust fund account statement as part of his *in forma pauperis* application. (*See* Doc. 2). Therefore, plaintiff was ordered (1) to "either pay $400 ($350 filing fee plus $50 administrative fee) or submit to the Court a certified copy . . . of his inmate trust fund account statement" within thirty (30) days; *and* (2) to "sign the complaint and return it to the Clerk of Court" within the requisite 30-day period if he "wishes to proceed with this action." (*Id.*). The Clerk of Court was directed "to provide the plaintiff with a copy of the complaint to sign and return to the Court." (*Id.*, p. 2). Moreover, plaintiff was informed that "if he fails to comply with this Order requiring him to pay $400 or submit a certified copy of his inmate trust fund account statement . . . **and** sign and return the complaint to the Clerk of Court within **thirty (30) days** of the date of filing of this Order, the case will be dismissed for want of prosecution." (*Id.*) (emphasis in original). This Court's docket records reflect that plaintiff was served with a copy of the Deficiency Order on August 25, 2014. (Doc. 3).

On September 4, 2014, plaintiff filed a certified copy of his prison trust fund account statement in compliance with the Deficiency Order. (Doc. 4). However, he has yet to provide the Clerk of Court with a signed copy of his complaint. At this point in time, the deadline for fully complying with the Deficiency Order has passed.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

                                                          s/Stephanie K. Bowman
                                                          Stephanie K. Bowman
                                                          United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT JACKSON,
    Plaintiff,

vs

DIRK PRISE, et al.,
    Defendants.

Case No. 1:14-cv-646

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc